COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


UNINSURED EMPLOYER'S FUND

                                        MEMORANDUM OPINION*
v.    Record No. 0008-00-3                 PER CURIAM
                                         JUNE 20, 2000
HILLTOP LUMBER COMPANY, INC.,
 BITUMINOUS FIRE & MARINE INSURANCE COMPANY,
 ERNEST LUTHER SOWERS, III, and
 CALVIN T. ANGUS


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (Mark L. Earley, Attorney General; John J.
           Beall, Jr., Senior Assistant Attorney
           General; Robert L. Walker, Assistant Attorney
           General, on briefs), for appellant.

           (S. Vernon Priddy, III; Sands, Anderson,
           Marks and Miller, on brief), for appellees
           Hilltop Lumber Company, Inc. and Bituminous
           Fire & Marine Insurance Company.

           No brief for appellees Ernest Luther
           Sowers, III and Calvin T. Angus.


     The Uninsured Employer's Fund (the Fund) contends that the

Workers' Compensation Commission (commission) erred in finding

that Hilltop Lumber Company, Inc. (Hilltop) was not the

statutory employer of Ernest Luther Sowers, III (claimant),

pursuant to either Code § 65.2-302(A) or Code § 65.2-302(B).

Upon reviewing the record and the briefs of the parties, we

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.[1]

"'The issue whether a person is a statutory employee presents a mixed question of law and fact . . . .'  Where, as here, the facts relevant to the resolution of the . . . issue are not in dispute, we must determine whether the [commission] correctly applied the law to those facts."  Cinnamon v. International Business Machines Corp., 238 Va. 471, 474, 384 S.E.2d 618, 619 (1989) (citation omitted).

A review of the parties' briefs and the commission's opinion shows that with respect to this issue, the material facts are not in dispute.  Thus, this is a question of whether the commission correctly applied the law to the facts.

Hilltop operated a sawmill, but it did not have employees who went into the woods to cut trees.  Hilltop entered into a Timber Sale Agreement with Kenneth C. Howell ("the landowner").  The Timber Sale Agreement allowed Hilltop the rights to certain trees on the landowner's property, but it did not obligate Hilltop to harvest the trees.  Rather, it provided that Hilltop would waive its right to cut the trees if they were not "cut and removed on or before the First day of January 1998."

---

[1] Because we summarily affirm the commission's decision, we find it unnecessary to rule upon Hilltop's motion to dismiss and decline to do so.

Hilltop then entered into a Logging Contract and Agreement with Calvin Angus wherein Angus agreed to "harvest all standing timber" on the landowner's property, and it required that "[a]ll logging must be completed by January 1, 1998." The logging contract provided various schedules of payment for cut logs delivered to Hilltop and also the respective shares of payment for other logs delivered to other mills "agreeable to both parties."

Claimant, an employee of Angus, suffered an injury by accident arising out of and in the course of his employment, when he was pinned under a skidder during logging operations on the landowner's property. Claimant filed a claim for benefits, naming Angus as his employer.

The commission found that claimant was an employee of Angus, who was uninsured for workers' compensation. The commission also ruled that Hilltop was not claimant's statutory employer. The Fund appeals from that ruling.

### Code § 65.2-302(A)

Code § 65.2-302(A) provides as follows:

> When any person (referred to in this section as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under

- 3 -

this title which he would have been liable to pay if the worker had been immediately employed by him.

In ruling that Hilltop was not claimant's statutory employer pursuant to Code § 65.2-302(A), the commission held that the evidence failed to prove that Angus' business of cutting the timber was part of Hilltop's trade, business, or occupation. The commission found that no evidence showed that Hilltop, which received the logs and processed them into manufactured timber, was ever involved in the cutting and harvesting of the timber.

In Shell Oil Co. v. Leftwich, 212 Va. 715, 187 S.E.2d 162 (1972), the Supreme Court set forth the test this Court must use in determining whether claimant was engaged in Hilltop's trade, business, or occupation:

> "[T]he test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. The test (except in cases where the work is obviously a subcontracted fraction of a main contract) is whether this indispensable activity is, in the business, normally carried on through employees rather than independent contractors."

Id. at 722, 187 S.E.2d at 167 (citation omitted) (emphasis added). Here, credible evidence proved that Hilltop did not have any employees who normally carried out the type of work which caused claimant's injury, i.e., the cutting and harvesting

of standing timber.  This work, although necessary to Hilltop's business, was done by independent contractors, such as Angus. Therefore, the commission did not err in finding that Angus' activity was not part of Hilltop's trade, business, or occupation and that Hilltop was not claimant's statutory employer pursuant to Code § 65.2-302(A).

Code § 65.2-302(B)

Code § 65.2-302(B) provides as follows:

> When any person (referred to in this section as "contractor") contracts to perform or execute any work for another person which work or undertaking is not a part of the trade, business or occupation of such other person and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, then the contractor shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if that worker had been immediately employed by him.

In F. Richard Wilton, Jr., Inc. v. Gibson, 22 Va. App. 606, 471 S.E.2d 832 (1996), we discussed the subcontracted-fraction test and the method to be used to analyze statutory employer status under Code § 65.2-302(B) as follows:

> "In the context of the construction business, [the subcontracted-fraction prong] relates to a general contractor, the party obligated by the main contract with the owner to complete the whole project.  If the work out of which the accident arose was, in the language of Shell Oil, 'obviously a subcontracted fraction of [that] contract'

and, in the language of the statute, 'not a part of the trade, business or occupation of' the owner, the general contractor who engaged the subcontractor to perform that fraction is the statutory employer of the injured worker, whether directly employed by the primary subcontractor or by a secondary subcontractor."

Id. at 610, 471 S.E.2d at 834-35 (quoting Cinnamon, 238 Va. at 476, 384 S.E.2d at 620).

In holding Code § 65.2-302(B) inapplicable to this case, the commission found as follows:

> Hilltop entered into a contract with a private landowner for timber rights. The landowner is not in the same trade, business or occupation as Hillside. There is no evidence that Hillside contracted to perform or execute any work for another person. All it purchased was land rights to cut timber. It could elect to cut the timber or not cut the timber with the rights reverting back to the landowner at the end of the contract period. We cannot find, based on the evidence, that Hilltop contracted to perform any work or undertaking for the owner. Hilltop sold the rights to cut this timber to Calvin Angus and agreed to pay for certain logs delivered at the rate of $120.00 per 1000 board feet. Other logs were paid per pound. Based on the evidence that the Hilltop was not in the trade, business or occupation of cutting logs, and the terms of the contract, we cannot find that § 65.2-302(B) is applicable in this case.

Credible evidence supports the commission's findings. Pursuant to the Timber Sale Agreement, Hilltop was not obligated to the landowner to cut timber from the landowner's property. Thus, because the work out of which the accident arose was not

an "obviously subcontracted fraction" of the Timber Sale Agreement, the commission did not err in finding that Hilltop was not claimant's statutory employer pursuant to Code § 65.2-302(B).

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>